Mr. John H. Werner General Counsel Broward County Community Mental Health Board, Inc. District X 221 West Oakland Park Boulevard Fort Lauderdale, Florida 33311
Dear Mr. Werner:
This is in response to your request for an opinion on substantially the following questions:
 1. WHETHER A MEMBER OF A DISTRICT MENTAL HEALTH BOARD ESTABLISHED UNDER PART IV OF CH. 394, F.S., AS AMENDED, MAY SERVE AS A MEMBER OF A DISTRICT SCHOOL BOARD?
 2. WHETHER A MEMBER OF A DISTRICT MENTAL HEALTH BOARD ESTABLISHED UNDER PART IV OF CH. 394, F.S., AS AMENDED, MAY SERVE AS A MEMBER OF THE GOVERNING BODY OF A SPECIAL HOSPITAL TAXING DISTRICT WHICH IS NOT A SERVICE PROVIDER FOR AND RECEIVES NO FUNDS FROM THE DISTRICT MENTAL HEALTH BOARD?
The Community Mental Health Act, Part IV of Ch. 394, F.S., as amended, was enacted by the Legislature, among other things, in order to roganize and finance community mental health services in local communities through locally administered and locally controlled community mental health programs. Section 394.66(1), F.S. The mental health board, the governing body of the district, is appointed by the board or boards of county commissioners having jurisdiction in the board district, and vacancies in the terms of office of members of the mental health board are filled or replacements therefor designated by the board or boards of county commissioners which made the original appointments. Section 394.70(1) and (2), F.S. Section 394.70(1)(e), F.S., in pertinent part, provides that no member of the district mental health board shall serve as a `member of a board of a community mental health facility.' Section 394.67(14), F.S. (1982 Supp.), defines `community mental health facility' to mean `any facility in which all or any portion of the programs or services set forth in ss.394.75(2)(c)5., 394.75(2)(e)2., and 394.75(3) are carried out.' Neither subsection (1)(e) of s 394.70 nor any other provision of that section declares a vacancy in office for service by a mental health board member on a board of a community health facility or provides for the designation of a replacement by the appointing board of county commissioners for any such member so serving. Since district mental health boards, special taxing district boards and district school boards are not state, county or municipal offices within the contemplation of Art. II, s 5(a), State Const., that constitutional dual office-holding prohibition is not applicable. See, e.g, AGO's 80-16, 75-153, 71-324. The determination to replace and the replacement of a member of a district metnal health board for violation of s 394.70(1)(e) must be made by the board of county commissioners which made the original appointment and, if necessary, effected by judgment of ouster of a circuit court in quo warranto proceedings. This office cannot undertake to make such determinations nor may such function be delegated to this office. Subject to such jurisdictional responsibility, and under the particular facts presented in this inquiry, however, I am of the view that neither the district school board nor the special hospital taxing district described in this inquiry is `a community mental health facility' for the purposes of s 394.70(1)(e), F.S. Therefore, your specific questions are answered as follows.
QUESTION ONE
You state in your letter that a member of the district mental health board has been elected to a district school board, established under Ch. 230, F.S. At the present time, the district mental health board has a contract with this school board in which the mental health board partially funds a program sponsored by the school board that is contained in the mental health board's plan required by s 394.75, F.S. Under these circumstances you question whether a member of the mental health board may serve as a member of the district school board. Resolution of this question requires a determination of whether the district school board is a `community mental health facility' (e.s.) within the purview of Part IV of Ch. 394, F.S., as amended, and for the purposes of s 394.70(1)(e), F.S. Section 394.70(1)(e), F.S., in pertinent part, prohibits any member of a mental health board established under Part IV of Ch. 394 from serving as a member of a board of a community health facility.
Section 394.67(14), F.S. (1982 Supp.), defines a `community mental health facility' to mean `any facility in which all or any portion of the programs or services set forth the in ss. 394.75(2)(c)5.,394.75(2)(e)2. and 394.75(3) are carried out.' Section394.75(1)(a), F.S. (1982 Supp.), provides that the mental health board's plan shall consist of a combined district alcohol and mental health plan to include a promgram description and line-item budget for alcohol and mental health service agencies which will receive state funds. See also, definition of `plan' in s394.67(3), F.S. (1982 Supp.). The plan referred to in subsections (2) and (3) of s 394.75 and as defined in s 394.67(3) has to do with alcohol and mental health service agencies and does not embrace district shcool boards which are primarily and predominately education agencies. The fact that a district school board has a contract with the district mental health board to receive funds in order to carry out a program which is included in the mental health board's plan would not appear to transform a district school board into a community mental health facility or an alcohol or mental health service agency. I therefore conclude that a district school board is not a `community mental health facility' for the purposes of s 394.70(1)(e), F.S., and a member of a district mental health board is therefore not prohibited by s 394.70(1)(e), F.S., from serving as a member of a district school board.
QUESTION TWO
You state in your letter that the hospital district in question operates two hospital facilities that provide psychiatric services, but that the mental health board does not contract with the hospital district and none of the hospitals thereof provide any services or operate any programs for the mental health board. Nor are any of the hospital district's facilities under any of the mental health board's mental health programs or included within the district mental health plan.
I am unable to conclude that a hospital district operating hospitals which have no service contracts with the district mental health board to provide any services or carry out any programs under the mental health board's district alcohol and mental health plan and which receives no funds from the mental health board, may be construed to be a community mental health facility for the purposes of s 394.70(1)(e), F.S. Section 394.75(1), F.S. (1982 Supp.), provides, in pertinent part, that the mental health board is required to prepare a combined district alcohol and mental health plan which shall reflect both the program priorities established by the Department of Health and Rehabilitative Services and the needs of the district. See the definition of `[d]istrict plan' contained in s 394.67(3), F.S. (1982 Supp.), which `means the combined district alcohol and mental health plan adopted by a mental health board and approved by the district administrator and governing bodies in accordance with' Part IV of Ch. 394, F.S., as amended. `The plan shall include a program description and line-item budget for alochol and mental health service agencies which will receive state funds.' (e.s.) Section394.75(1), supra. Subsection (1) of s 394.74, F.S. (1982 Supp.), in relevant part, provides that `[e]ach mental health board, with the approval and subject to rules of the department, and when funds are available for such purposes, is authorized to contract for state funds on a matching basis in the establishment andoperation of local alcohol and mental health programs which anyhospital, clinic, laboratory, institution, or other appropriate service agency.' (e.s.) As noted above the hospital district does not contract with the mental health board or provide any services for the board or operate any programs for the board or under the board's mental health plan. In light of these provisions of Part IV of Ch. 394, F.S., as amended, relating to community mental health services and the legislative intent expressed therein, I am unable to conclude that in the absence of a contract between the district mental health board and a public hospital district to provide any services or operate any programs for the mental health board or under the board's mental health plan, that the hospital district may be deemed to be a `community mental health facility' for the purposes of s 394.70(1)(e), F.S. It is therefore my opinion that s 394.70(1)(e) does not apply to or operate on such nonparticipating hospital district and a member of the district mental health board is not prohibited from serving as a member of the board of such nonparticipating hospital district.
In summary, it is my opinion, until judicially determined otherwise, wise, that a member of a district mental health board is not prohibited by s 394.70(1)(e), F.S., from serving as a member of a district school board; nor is a member of a district mental health board prohibited from serving on a board of a special hospital taxing district which does not have a service contract with the mental health board to operate any of the programs for the mental health board and is not under any of the mental health board's mental health programs or included within the district mental health plan.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General